UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUINCEY LEE CLARK,

               Petitioner,

    v.

CYNTHIA ROJAS,

               Respondent.

Case No.  2:26-cv-1553-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner, filed this section 2254 action seeking federal habeas relief. Therein, he argues that his prosecution was "commenced and conducted under a repealed state constitutional authority." ECF No. 1 at 2. This claim, however, appears non-cognizable insofar as it arises exclusively under state law. Out of an abundance of caution, I will grant petitioner an opportunity to amend his petition and explain why it should proceed. I will also grant his application to proceed *in forma pauperis*, ECF No. 6. Finally, I recommend that his motion for stay and abeyance, ECF No. 2, be denied.

1

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner's sole claim is that he was prosecuted under "a repealed state constitutional authority."  ECF No. 1 at 2.  Claims that a conviction violate state law, however, are not cognizable on federal habeas review.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law . . . a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States") (internal quotation marks and citations omitted).  Accordingly, this action cannot proceed past screening.  I will give petitioner leave to amend so that he may, if he can, explain why this action should still proceed.  He is advised that attempting to recast a violation of state law as a federal due process violation will not suffice.  *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Additionally, I will recommend that petitioner's motion for stay and abeyance, ECF No. 2, be denied.  Given that petitioner's claim appears non-cognizable, there is no reason or basis on which to stay this action to allow him to return to state court and exhaust it.

Accordingly, it is ORDERED that:

1.    Petitioner's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

2.    The petition, ECF No. 1, is DISMISSED with leave to amend.

3.    Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4.    Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5.    The Clerk of Court shall send petitioner a habeas petition form and with this order.  If he files an amended complaint, he must use this form.

6.    The Clerk of Court shall assign a district judge to this action.

2

Further, it is RECOMMENDED that petitioner's motion for stay and abeyance, ECF No. 2, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 29, 2026    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3